## THE STATE v. WOODSON.

1. **Jury**: MISCONDUCT OF: PREJUDICE. Statements respecting the character of the defendant made by one juror to his associates from his own knowledge, and not based upon any evidence introduced on the trial, must be shown to have wrought prejudice, to vitiate the verdict. Whether or not the fact that such statements were made may be established by affidavits of jurors, *quære.*

2. **Evidence**: PRACTICE: ERROR WITHOUT PREJUDICE. The exclusion of competent evidence, tending to establish a fact already established by other evidence, is error without prejudice, not justifying a reversal.

3. **Instruction**: PRACTICE. It is not error to refuse an instruction, pertinent to the facts and correct in principle, when its substance and purport are embodied in another instruction given to the jury.

*Appeal from Fremont District Court.*

MONDAY, OCTOBER 25.

DEFENDANT was indicted for the murder of William Barlow, and was convicted of manslaughter. He now appeals to this court. The facts of the case, so far as they are involved in the points of law decided by the court, are found in the opinion.

*Mason & Lehman, J. L. Mitchell* and *A. R. Brewer,* for appellants.

Affidavits of jurors may be considered when they show misconduct of the jury in finding the verdict, as in considering evidence not properly before them. (*Stewart v. B. & M. R. Co.,* 11 Iowa, 62; *Wright v. I. & M. T. Co.,* 30 Id., 195; *State v. Andrews,* 29 Conn., 109.) If a jury, after the case is

submitted to them, receive any kind of evidence which can have a bearing upon the case, it will be fatal to the verdict. (*People v. Yeiger*, 6 Parke, 355; *Whiting v. Whitman*, 5 Mass., 405; *Sergeant v. Roberts*, 1 Pick, 337.) Evidence of threats made by the deceased against the defendant just prior to the commission of the homicide, but not communicated to the defendant, should have been admitted. (*State v. Sloan*, 47 Mo., 604; *People v. Arnold*, 15 Cal., 476; *Campbell v. People*, 16 Ill., 17; *Haller v. State*, 37 Ind., 57; *State v. Goodrich*, 19 Vt., 116; *Cornelius v. Com.*, 15 B. Monroe, 539; *Pitman v. State*, 22 Ark., 354; *People v. Scroggin*, 37 Cal., 577.) Defendant is entitled to an acquittal if it appeared, by the facts attending the commission of the offense, that there is reasonable doubt of the act being willful. (*State v. Murphy*, 33 Iowa, 270; *State v. Felter*, 32 Id, 49; *Slother v. People*, 53 N. Y., 164; *Maher v. People*, 10 Mich., 212; *State v. Porter*, 34 Iowa, 140.) It was error to exclude evidence tending to show that the deceased was a man of violent and cruel temper, and that he was known to be in the habit of carrying deadly weapons. (*Payne Com.* 1 Met. (Ky.), 370; *Tackett v. State*, 1 Hawks, 210; *People v. Lamb*, 41 N. Y. 360; *State v. Hicks*, 27 Mo., 588; *Field v. State*, 47 Ala., 603; *Franklin v. State*, 29 Ala., 14.)

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—There was evidence tending to show that the deceased came to his death by the hands of the defendant. This fact, we understand, is not contested by counsel in this court and was not in the court below. There were no witnesses present at the killing, and the attendant facts are wholly established by circumstantial evidence. It occurred under circumstances tending to establish the conclusion that defendant had either way-laid the deceased or had sought an opportunity for a conflict, choosing his ground and manner of attack. Between the parties open and most vengeful hostility existed. It was proved that the deceased had often threatened the life of defendant, and had come from Nebraska, whence defendant had removed, where he had often made threats against de-

fendant, to the neighborhood in which the killing occurred, and there had repeated these threats; of all of which defendant was fully advised. Both parties, prior to the killing, were armed with pistols, and on the day it occurred defendant carried also a gun. The evidence tends to support the conclusion that defendant fired upon deceased while he was in a public road, and the latter fled into a corn field where his body was discovered. The pistols found upon deceased were all fully charged, justifying the conclusion that he had made no use of his weapons, either in assailing defendant or defending himself from attack.

The defense which the prisoner seems most, if not wholly, to have relied upon is that the killing was done in self-defense.

The objections urged against the conviction will be considered in the order we find them presented in the brief of counsel.

I. It is first insisted that the District Court erred in overruling a motion to set aside the verdict based upon the ground of improper conduct of the jury. Separate affidavits of two jurors were filed in support of this motion, to the effect that, during the consideration of the case by the jury, one of that body stated that he was acquainted with deceased, who was a boastful young man but innocent and quiet in his disposition, and that if he had made threats against defendant, he had no intention to carry them out. One of the affidavits also states that two of the jurors at the same time insisted that defendant's motive in taking the life of deceased was found in the fact that deceased was a witness against defendant's brother-in-law, who was charged with some crime. The affidavits show that these matters were urged in conversation between certain of the jurors, but it is not shown to what extent this conversation extended or what number of jurors heard it. There is no attempt to show, and no claim made, that any one of the jurors, either those that made the statements or those that heard them, were in the least degree influenced by them in assenting to the verdict. So far as the matters are presented in the affidavits, it is not averred that they had the least effect upon the jury or any

*1. JURY: misconduct of: prejudice.*

one of them. We cannot presume that they had; on the contrary we must presume that the jury was composed of honest and intelligent men who understood that their verdict should be founded alone upon the evidence submitted to them. Without deciding that matters of this kind may, by the affidavits of jurors, be shown to impeach their verdict, a question that we do not pass upon, we are clearly of the opinion that prejudice must be shown, or sufficient ground must appear for presuming prejudice, to authorize interference with the verdict on account of such matters, even if it be conceded that they may be established in the manner attempted in this case. This position we think is supported by authorities cited by defendant's counsel. See *Booby v. State*, 4 Yerg., 111.

Other cases are cited by counsel to the effect that improper evidence received and considered by the jury, as when counsel of one of the parties delivered to them a bundle of depositions, a portion of which were not in evidence, will vitiate the verdict. In such case the presumption would be that the illegal evidence improperly admitted would influence the minds of the jurors, as they would regard it as proper evidence to be considered by them. But the facts of the case before us do not authorize the application of the rule announced in their authorities.

II. Certain evidence of threats made by deceased against defendant, which had not been communicated to defendant, was excluded from the consideration of the jury.

2. EVIDENCE: practice; error without prejudice.

It is not necessary to determine as to the correctness of the ruling of the district court, for, in our judgment, if it be regarded as erroneous, the ruling was without prejudice to defendant. Evidence of repeated threats of the same character of which defendant had received information was submitted to the jury. They doubtless considered this evidence and permitted it to have its proper effect, which could not have been different had the excluded evidence been admitted.

III. The defendant requested the court to instruct the jury, in effect, that to authorize a verdict of guilty they should find beyond a reasonable doubt that deceased met his death

at the hands of defendant, and that the killing was not done in self-defense. The instruction was refused. Its refusal was not error for substantially the same rule was embodied in the ninth instruction given by the court, in this language: "Before you convict the defendant you must be satisfied by the evidence, beyond a reasonable doubt, of his guilt; all facts and elements of the crime must be established by clear and satisfactory evidence, and when all the facts and circumstances are considered together, they must convince the minds of the jurors, to a moral certainty, that the defendant is guilty or they must acquit him." The language of this instruction is stronger in behalf of defendant than that of the one refused. As we have stated, the fact of killing was not a point of contest in the case; the question whether it was in self-defense was the main and controlling issue. Defendant could not be found guilty under the instructions without the jury passed upon this issue. The instruction just quoted directs them that before they can convict they must be satisfied by the evidence, beyond a reasonable doubt, of defendant's guilt, that is, that the killing was not in self-defense.

*3. INSTRUCTION : practice.*

IV. The counsel of the prisoner next urge that the court erred in refusing to permit him, through his attorneys, to make an opening statement of his case to the jury. The record fails to show that the district court so ruled. There is, therefore, no foundation for this objection; it demands no further notice.

V. A witness was asked to state what she knew about the deceased carrying weapons with him. She was not permitted by the court to answer the question. If it be conceded that the question should have been answered, and the evidence submitted to the jury, no prejudice could possibly have resulted from the ruling of the court. It was abundantly proved by more than one witness that deceased, in addition to threats against the defendant, was armed, and of this fact defendant was fully advised, and that when his body was discovered there was found upon it two revolvers. Of the fact sought to be elicited by the excluded evidence, there could be

no possible doubt under the evidence admitted. The court would have been justified in excluding the testimony upon the ground that it was but the repetition of a fact already completely proved and concerning which there could be no contest.

No other questions are presented in the argument of counsel. As required by the statute, we have carefully examined the whole record, but have failed to find any ground upon which the judgment upon the conviction can be disturbed.

AFFIRMED.