## SAM. BURT *v.* THE STATE.

1. CRIMINAL LAW. *Construction.   Reasonable doubt.   Conscientious belief.*

   An instruction that, while the law requires that the jury, in order to convict, must believe accused guilty beyond a reasonable doubt, this requirement is met if the jury conscientiously believes him guilty, is erroneous. *Brown* v. *State, ante,* 95; *Taylor* v. *State,* 52 Miss., 84, distinguished.

2. SAME. *Threat.   Remonstrance by third party.   When incompetent.*

   A witness who has testified to a threat by accused against deceased, should not be permitted to testify that he remonstrated with him therefor, the remonstrance having evoked no reply.

3. INSTRUCTION. *Value of circumstantial evidence.*

   An instruction for the state which announces that the law makes no distinction between circumstantial and positive evidence, unaccompanied by any caution as to the care to be used in applying such evidence, is misleading and erroneous.

4. SAME. *Weight of evidence.   Singling out facts.*

   Instructions for defendant which single out facts in evidence and inform the jury that they alone are not enough to warrant conviction, are erroneous because they are on the weight of evidence.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

Appellant, Burt, was convicted of the murder of Jesse Evans, and sentenced to life imprisonment.   The conviction rests mainly on circumstantial evidence.   There was also certain testimony tending to show a threat by accused against deceased.   Evans, the deceased, had been charged with the killing of one Ryals, a half-brother of Burt, the accused.   One McGlaum, a witness for the state, testified that soon after Ryals was killed, he met accused, and remarked to him that he had heard that his half-brother had been killed, and he, the witness, had heard that

Evans had killed him; whereupon Burt said, "Yes, but there is a hereafter." The state then asked witness if he did not remonstrate with Burt. This question was objected to by the defense, but the objection was overruled by the court, and the question permitted, in order to see what, if anything, defendant said in reply. Witness answered that he did remonstrate with the accused, and told him he ought not to talk in that way, and that accused said nothing but "kinder laughed."

The second instruction given for the state is as follows: "While it is the law that, before the jury can find the defendant guilty, they must believe him so from the evidence beyond a reasonable doubt, still, if they conscientiously believe him guilty, all requirements of the law are met, and they believe him guilty beyond a reasonable doubt."

It is not deemed necessary to set out in full the seventh, eighth and ninth instructions asked for by the defense and refused by the court. Each of them singled out a part of the testimony, and informed the jury that it alone was not enough to warrant a conviction.

*W. A. Haden*, for appellant.

I submit that the evidence raises only a suspicion of appellant's guilt. There is no positive evidence, but merely circumstances tending to show a motive, and certain vague threats against deceased. The first instruction for the state tells the jury, without qualification, that the law makes no distinction between circumstantial and positive evidence. The jury should at least have been admonished that, in the application of circumstantial evidence, the utmost caution and vigilance should be used. *Algheri* v. *State*, 25 Miss., 583; *Pitts* v. *State*, 43 *Ib.*, 472; *Caleb* v. *State*, 39 *Ib.*, 721; *Josephine* v. *State*, *Ib.*, 613.

It was error to allow the witness, McGlaum, to state what he said to accused, or that he remonstrated with him. This was calculated to impress the jury with the idea there was

something terrible in what accused had said. This error is material, in view of the weak circumstantial testimony on which the conviction rests.

*Frank Johnston,* attorney-general, for the state.

I submit that, on the evidence, the court cannot reverse the case. There was no error in permitting McGlaum to testify as to the threat by accused against deceased, and as to what he said. The entire testimony was immaterial and unprejudicial.

The instructions for the state are correct. The first announces the correct rule of law as to circumstantial evidence; the second merely states the rule as to a reasonable doubt; the eighth, ninth and tenth instructions for the state are on the weight of evidence, and were properly refused.

WHITFIELD, J., delivered the opinion of the court.

It is assigned for error that the court erred in granting the second instruction asked by the state. We held, at this term, in *Brown* v. *State, ante,* p. 95, that this instruction is erroneous. The facts of this case, a case in which the evidence consists of vague threats and circumstantial evidence, emphasize with peculiar force the correctness of that ruling. This certainly is a case in which we cannot say such charge was not material, reversible error. The many unwise efforts to define a reasonable doubt are very remarkable, in view of the previous decisions of this court and of other courts, and of the fact that the phrase itself, "beyond a reasonable doubt," is "an expression invented by the common law judges, for the very reason that it was capable of being understood and applied by plain men in the jury box." 2 Thomp. Trials, § 2463. If the common law judges in their wisdom settled on this expression—"beyond a reasonable doubt"—as the one most easily understood by "plain men in the jury box," can we not accept this refined gold without seeking to "gild" it—this "lily" without "painting?" Campbell, J., in *Hamilton* v. *People,*

29 Mich., 193, says: "If a jury cannot understand their duty when told they must not convict when they have a reasonable doubt of the prisoner's guilt, they can very seldom get any help from such subtleties as require a trained mind to distinguish. Jurors are presumed to have common sense, and to understand common English, but they are not presumed to have professional or any high degree of technical or linguistical training." Mr. Thompson says (2 Thomp. Trials, § 2463, p. 1817): "Most American courts have, however, felt called upon, in instructing juries in criminal cases, to explain this expression, although it is one of the most exact expressions known to the law, and to define this definition, although the words convey a more exact idea to the minds of average men than can be derived from any attempt to define them. In so doing they have attempted to lead juries into mazes of subtlety and casuistry in which they were lost themselves, and into which the minds of plain men were incapable of following them." Mr. Stephens tells us that the effort to define a reasonable doubt is an effort "to compute that which is not number and to measure that which is not space." It ought, it seems to us, to be sufficient in all cases to say: "If the jury, from the evidence, believe, beyond a reasonable doubt, that," etc. If this course were observed, would there be a conviction less? Would there not be many reversals saved?" We do not say a case may not occur in which it would be well to go beyond this, but we doubt if it would not be best to adhere to it in far the larger number of cases; and the representatives of the state—an able and accomplished body of gentlemen—should heed the voice of wisdom and caution, saying to them, as to this brief and plain formula: "This is the way. Walk ye in it." There may have been cases in which instructions in similar language, in this court, have not secured reversal, because no error was predicated of them, or they were cured by other instructions. The charge in *Taylor's Case*, 52 Miss., 88, whilst in one sentence containing the phrase, "conscientiously believe," in other

parts of the same charge expressly declares that "the guilt of the accused must be fully and conclusively established to a moral certainty," and "to the exclusion of every reasonable doubt." There is nothing in this record to cure the error here. "Conscientiously," in a charge on this subject, is inapt, is erroneous. One 'may "conscientiously"—that is, sincerely, honestly—believe, having reference to the quality of his belief, a thing to be true, which he does not, having reference to the strength or degree of his belief, believe beyond a reasonable doubt. In many cases, the expression "the evidence must satisfy your minds and consciences beyond a reasonable doubt," is used, and that form is correct enough, because of the latter qualification. "Satisfy" alone will not do. *Hawthorne* v. *State*, 58 Miss., 778. "Conscientiously" is a word of quality rather than quantity, and the rule of evidence differentiating criminal procedure from civil, in this regard, is a rule of quantity—a rule not as to the sincerity of a belief, however weak, though real, but as to the strength of his belief.

We also think the first instruction given for the State is misleading. The statement that "the law makes no distinction between circumstantial and positive evidence" is too broad as it stands in this instruction. If it was meant that there is no such distinction as that there may be a conviction on positive testimony of witnesses speaking to the act, and not on circumstantial evidence rising high enough in probative force to exclude every reasonable hypothesis other than that of guilt, it is of course correct; but if it was meant that the two kinds of evidence are to be treated as in all respects identical, it is misleading and erroneous, especially in the absence of any caution from the court as to the care to be used in applying such evidence—caution such as was approved by this court in the first instruction given for the state in *Josephine's Case*, 39 Miss., 613. 2 Thomp. Trials, § 2500.

We think it was error not to have excluded that part of McGlaum's testimony objected to by defendant. The record

shows that the learned judge below only admitted it "to see what defendant said in reply;" and the witness immediately proceeded to say that he said nothing in reply, "but kinder laughed." We think this was erroneous. It may have had undue weight given it for so inconclusive a statement. This error, of itself, however, we would not hold reversible.

There was no error in refusing the seventh, eighth, ninth and tenth instructions asked by defendant. The last three are on the weight of evidence. The tenth is not very intelligible as it appears in the record, but, as set out, is erroneous. For the errors indicated, the judgment is

*Reversed, and cause remanded.*