### The State of Kansas v. James Beam.

1. PROHIBITORY-LIQUOR LAW—*Evidence as to Clerk, Agent or Employee.* Where a defendant is charged with the unlawful sale of intoxicating liquor, and with maintaining a common nuisance by keeping a place where liquors are unlawfully sold, and the evidence shows that certain sales were made at the defendant's place of business by another person and in the absence of the defendant, there must be sufficient competent evidence to establish the fact that such sales were made by some clerk, agent or employee of the defendant, with the knowledge or consent of the defendant, in order to sustain a conviction.

2. ———— *Statements by Jurors — Influence upon Verdict.* Where unlawful sales of liquor are made in the place of business of a defendant, who is charged with making the same, but such sales were made in the absence of the defendant, it becomes a material fact, which must be established by the state beyond a reasonable doubt, whether such sales were made by some clerk, agent or employee of the defendant, and with the knowledge or

consent of the defendant, and in determining such fact the jury must be governed by the evidence given in the case, and have no right to consider the personal knowledge of certain of the jurors upon that point; and where the evidence in the case is slight as to the fact that such sales were made by an employee of the defendant, or with his knowledge or consent, and some of the jurors, in considering their verdict, state in the presence of all of the jury that the person who made the sales, or either or any of them, was an employee of the defendant at the time of making such sales and had been for some time, *held*, that it cannot be said that such statements upon the part of the jurors did not influence the verdict of the jury.

MEMORANDUM.—Appeal from Reno district court; F. L. MARTIN, judge. Prosecution by The State against James Beam, charging violations of the prohibitory-liquor law. Conviction. Defendant appeals. ·Reversed. The opinion herein, filed November 9, 1895, sufficiently states the facts.

*McKinstry & Fairchild*, for appellant.

*F. B. Dawes*, attorney general, *L. M. Fall*, county attorney, and *Z. L. Wise*, deputy county attorney, for The State.

The opinion of the court was delivered by

COLE, J. : The defendant, James Beam, was charged by indictment in the district court of Reno county with unlawful sales of intoxicating liquors, and maintaining a nuisance by keeping a place where intoxicating liquors were habitually and unlawfully sold to be used as a beverage. The indictment contained 10 counts, nine of which charged specific sales, and the tenth charged the maintaining of a nuisance. Upon trial, the defendant was convicted on the third, fourth and tenth counts. He appeals from such conviction.

A number of the errors alleged in this case are the

44—APP.

same as those which were assigned in the case of The State against Seth Jones,* just decided in this court. They refer to the manner of returning the indictment, and the indorsement thereof by the foreman of the grand jury, and to the granting of permission by the court to indorse the names of certain witnesses upon the indictment upon the day of trial. We deem it unnecessary in this case to review these questions.

In this case the state relied for conviction as to the third count upon the testimony of the witness, Frazee, who testified that he was acquainted with the defendant and with his place of business, and that some three months prior to the date of trial he purchased at the place of business of the defendant some glycerine and whisky mixed. This purchase was made from one Winslow. The defendant was not present at the time of the purchase. As the sale was not made by the defendant in person, it was necessary for the state to show : (1) That the defendant was proprietor of the place ; (2) that the sale was made by some clerk, agent or servant of the defendant ; and, (3) that it was made with the knowledge or consent of the defendant. It was clearly established that Beam was the proprietor of the store where the liquor was purchased, and there was some slight testimony to support the finding of the jury that the person from whom the purchase was made was a clerk, employee or servant of the defendant. But this was not sufficient to sustain a conviction, for it lacks the material element of knowledge or consent on the part of the defendant. Of course, it is not necessary to prove by direct testimony that the defendant in any given case consented in any specific words to the sale charged, and the state would have a right to ask a conviction

---

* Rehearing granted.—REPORTER.

for sale made in the absence of the defendant where all the evidence in the case was sufficient to support the view that the defendant knew of either the specific sale being made and did not object thereto, or that he had knowledge of sales in general being made by his clerk or employee, and made no objection thereto. So far as the testimony of Frazee himself is concerned, we presume it is not claimed that it established any knowledge or consent with regard to this sale upon the part of the defendant, and we presume the state relied upon the other evidence in the case as tending to show such knowledge or consent. Upon this question, the views of the court will be stated later in this opinion.

The state relied for a conviction under the fourth count upon the testimony of the witness, Lee, who testified that he was acquainted with the defendant, and that he purchased a small bottle of whisky some time in the summer preceding the trial from some person at the place of business of the defendant, but who the person was from whom the purchase was made he did not know; that he went in and asked for the liquor and the person went and got it; that he was gone two or three minutes, maybe five minutes, but whether the person left the room or not to obtain the liquor he did not know. The same reasoning which applies to the evidence of Frazee, relied upon to sustain a conviction under the third count, also applies to the testimony of the witness, Lee. Whatever the personal feeling of the jury may be with regard to a transaction of this character, there must be proof of a substantial nature to sustain a conviction in a criminal case, and we presume, as in the case of the former count, that the state relied upon the testimony of other witnesses in the case to prove the material facts before stated.

So far as the testimony of the witnesses, J. A. Milne, C. L. Bissel, J. C. Grimes, J. H. F. Plate and George T. Metzgar, is concerned, it proves absolutely nothing, either to support an allegation of a specific sale in violation of law or of the maintaining of a nuisance, under the statute; and this, in connection with the witnesses, Frazee and Lee, was all the testimony given in the case bearing upon either the questions of sales or the maintaining of a nuisance, with the exception of the testimony of D. S. Gibbs, together with the docket of the police judge of Hutchinson for the years 1893 and 1894. The testimony of Mr. Gibbs was, that he was police judge of said city during the years above referred to, and that he kept a docket of his proceedings as such officer. He identified certain pages of said docket containing a record of the proceedings in certain cases brought by the city of Hutchinson against the defendant, and also certain warrants and complaints which had been issued in the cases in which said records were made. The records so identified, together with the complaints and warrants above referred to, were admitted in evidence over the objection of the defendant, and the admission of this evidence is one of the grounds urged by the defendant for the reversal of this cause.

We are of the opinion that the record was properly admitted, but when taken in connection with the statements made by the witness who was the person making the record they fall short of establishing any material fact as against this defendant. The complaints and warrants above referred to were in cases where the city of Hutchinson charged the defendant with unlawful sales of intoxicating liquors; and the records in such cases show the entry of a plea of guilty in each case by the defendant. Standing by themselves these facts would be evidence of admissions made by the de-

fendant, and would tend to support the theory of the state that the sales relied upon for conviction which were made in the defendant's place of business were made with his knowledge and consent, and would also tend to support the theory that such place of business was a common nuisance; but, taken in connection with the testimony of the witness, Gibbs, they establish practically nothing. He testified that while the records show in each of the city cases a plea of guilty yet the facts were exactly to the contrary; that when first arraigned the defendant stated that he was not guilty of selling intoxicating liquors; that he could not afford to fight the city, and could better afford to pay such fine and costs as the police judge might prescribe in the case, and that at each succeeding arrest the same plea was entered and the same course of action taken. It is the duty of the police judge to arraign a defendant charged with a violation of a city ordinance, and if the defendant pleads not guilty then a trial must be had. We know of no rule permitting a police judge to enter a plea of guilty under a statement like that made by the defendant in this case. Nor do we think that the record in such a case, showing a plea of guilty, in any manner establishes his guilt under an indictment like the one in the case at bar. Again, the testimony of Gibbs, so far as it established any particular place where the sales were made for which the city prosecutions were brought, shows that it was not the place charged in the indictment in this case as the one where a nuisance was maintained, or where the specific sales were alleged to have been made.

The defendant further urges that the court erred in overruling his motion for a new trial. One of the grounds upon which such new trial was asked, was

misconduct on the part of the jury. In support of this ground the defendant filed the affidavit of two of the jurors to the effect that, after the jury had retired to the jury-room and were considering their verdict, one or two of the jurors stated that Charles Winslow, who the witness, Frazee, named as the person who sold him whisky, was in the employ of Beam, and had been for some time. The question of Winslow being an agent or employee of the defendant was one of the material facts to be found to support two counts of the indictment upon which defendant was convicted, and the jury had no right to find that fact in any other manner than from the evidence which had been given them upon the trial of the cause. The personal knowledge of any juror that Winslow was an employee of the defendant had nothing to do with the case ; and while, as has been said in this cause, there was some slight evidence tending to establish that fact, it is impossible to say, in view of the fact that the evidence was slight, that the jury were not governed by these statements in making up their verdict. We are of the opinion, after a careful examination and consideration in this case, that the conviction ought not to have been allowed to stand, for the reasons above stated, and we therefore deem it unnecessary to consider any of the further assignments of error made by the defendant.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Judges concurring.