THE STATE OF KANSAS v. J. O. LOWE.

No. 13,446.   ( 72 Pac. 524.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Misconduct.* A new trial for misconduct of the jury should be allowed where a juror of his own personal knowledge states to his associates, while deliberating on their verdict, facts prejudicial to the defendant which are not in the testimony, unless it be shown that the defendant suffered no prejudice from the misconduct.

2. LARCENY—*Evidence of Intent.* The defendant, who was charged with the larceny of property, and who claimed to have taken the same by mistake, may testify directly as to his intention in the taking of the property.

Appeal from Phillips district court; JOHN R. HAMILTON, judge.   Opinion filed May 9, 1903.   Reversed.

*C. C. Coleman,* attorney-general, and *T. M. Sullivan,* county attorney, for The State.

*William Kingery,* and *Mahin & Mahin,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J. : J. O. Lowe was convicted of the larceny of two loads of hay, of the value of eight dollars.   That the hay was taken was not denied, but it was claimed to have been taken by mistake.   Lowe employed two men with teams to go from Phillipsburg some distance into the country and bring in two loads of hay.   He indicated to them the location of the hay and directed them to make inquiries in the neighborhood where the hay could be found.   He followed them and reached the haystacks about the time of their arrival and assisted them in loading it.   The hay belonged to John Cox and was taken from his land, while the hay intended to be taken, as claimed

by Lowe, was on the land of Frank Case, in the same neighborhood, of which Lowe had control. The owner of the hay followed the teams into Phillipsburg and upon arrival caused the arrest of Lowe.

On the part of the defendant it is contended that all the circumstances point to an innocent taking. The teams were sent in the daytime; they were directed to make inquiries of the people in the neighborhood as to the hay; there was no concealment; he had hay on the Case land, close to that which was taken; the country in the vicinity of the hay was rough and broken and the division lines between the tracts could not be easily located; and when informed that Cox's hay was taken Lowe acknowledged there might be a mistake and offered to pay for it.

Passing the question as to whether the evidence showed a criminal intent on the part of Lowe, the first point is the ruling of the court in striking out the testimony of the defendant as to his intent. He was asked if he intended to steal the hay, and answered: "I did not have any idea of it. I paid the haulers two dollars apiece, or four dollars for hauling the hay from over there." On motion, this testimony was stricken out by the court. He was a competent witness to testify as to what his intentions were with respect to the taking of the hay. (*The State v. Kirby*, 62 Kan. 436, 441, 63 Pac. 752.) The last part of the answer, with respect to paying for the hauling of the hay, although not entirely responsive, tended to explain his purpose, and was not sufficiently objectionable to justify the striking out of the whole statement.

A more serious objection, however, was the misconduct of a juror in the jury-room during the deliberations. W. H. Smith, who had stated on his *voir dire* that he had no knowledge of the case nor prejudice

which would prevent him from giving the defendant a fair trial, made statements to the other jurors which greatly reflected on the character and conduct of the defendant.   He told them that Lowe was guilty of another offense ; that he had shot a man at one time and that it had cost the county $2800 ; that he was a bad man who should not be turned loose, but should be convicted.   These and similar statements he pressed upon the jurors as arguments in favor of conviction. No testimony of this character was introduced, nor could it have been introduced, on the trial.   Such statements asserted as matters of personal knowledge by a juror would, in the nature of things, tend to prejudice defendant, and as there was no showing made by the statement that they were without prejudice, it must be regarded as prejudicial error.   (*The State v. Burton*, 65 Kan. 704, 70 Pac. 640 ; *The State v. Woods*, 49 id. 237, 30 Pac. 520 ; *The State v. McCormick*, 57 id. 440, 46 Pac. 777, 57 Am. St. Rep. 341.)   There was no attempt on the part of the state to meet this testimony or show that it did not result in prejudice to the defendant.   The testimony as to the criminal intent was rather slight and we cannot say that the verdict was not influenced by the misconduct.

The judgment will be reversed and the cause remanded for a new trial.

All the Justices concurring.