[Criminal No. 334. Filed November 26, 1913.]

[136 Pac. 631.]

## YOUNG CHUNG, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—JURY—OFFICER IN CHARGE—PREJUDICE.—On a trial for robbery, where the prosecuting witness testified that he was robbed of four $5 bills and certain silver money aggregating $53.15, the testimony of a deputy sheriff that accused, after his arrest, left with a friend a sum of money of which he saw four silver dollars, two halves, and two quarters, and some greenback bills, one of which was a five, that he could not see what the number was on the other, but that there were two and probably more, did not correspond so minutely with that of the prosecuting witness as to show such deep prejudice against accused as made it improper to place him in charge of the jury.

2. CRIMINAL LAW — JURY — OFFICER IN CHARGE — DISQUALIFICATION.— A deputy sheriff was not disqualified to act as the jury bailiff merely because he arrested accused, thereby acquiring knowledge of facts as to which he was called as a witness for the prosecution.

3. CRIMINAL LAW—TRIAL—OBJECTIONS—WAIVER.—Where accused from the subpoena filed in the case might have had notice that a deputy sheriff would be called as a witness and had actual knowledge of such fact when he testified but made no objection to such deputy sheriff taking charge of the jury until after the verdict was returned, the objection that he was disqualified because a witness for the prosecution was waived.

4. CONTEMPT—JURY—SEPARATION.—Under Penal Code of 1901, section 949, providing that the jurors at any time before the submission of the cause may in the discretion of the court be permitted to

separate or be kept in charge of a proper officer, where the court ordered the jurors to be kept together it was the duty of the bailiff and the jurors to observe such order, and a failure to do so made them liable to punishment for contempt.

[As to effect of separation of jury, see note in 103 Am. St. Rep. 155.]

5. CRIMINAL LAW—JURY—SEPARATION.—Under Penal Code of 1901, section 949, providing that jurors at any time before the submission of the cause may in the discretion of the court be permitted to separate or be kept in charge of a proper officer, and that at the written request of counsel the court shall direct the jury to be kept together in charge of a proper officer, where no written request was made the court did not exhaust its discretion by ordering the jury to be kept together and could thereafter permit them to separate.

6. CRIMINAL LAW—JURY—SEPARATION.—Under Penal Code of 1901, section 949, authorizing the court in its discretion to permit the jurors to separate or be kept in charge of a proper officer, where, though the court ordered the jurors to be kept together, the bailiff took one of the jurors apart from the others in order that his wife might dress a wounded arm, and during his separation no intimation of the case was made by anyone to him nor by him to anyone, and counsel with full knowledge of the facts made no objection thereto, the judge, who also knew thereof, did not abuse his discretion by permitting such separation.

7. ROBBERY—EVIDENCE—SUFFICIENCY.—Evidence on a trial for robbery, where accused relied upon an alibi, *held* sufficient to support a conviction.

8. CRIMINAL LAW—APPEAL—REVIEW—QUESTIONS OF FACT.—Under the law making the jury the sole judges of the credibility of the witnesses and the weight and effect to be given to their testimony, where, though the evidence is conflicting, there is substantial evidence in support of the jury's finding, the verdict will not be disturbed.

9. CRIMINAL LAW—NEW TRIAL—MISCONDUCT OF JURY.—Under Penal Code of 1901, section 988, subdivision 10, authorizing a new trial in a criminal case where the jury, after having retired to deliberate, have received other testimony, and subdivision 11 authorizing a new trial when, from any misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial, a new trial on the ground that one juror had stated to the others that witnesses who testified as to accused's good character were Chinese Masons and would naturally testify to such character because members of the same lodge, and that another juror stated that he knew such witnesses were Chinese Masons, was properly denied where it was not shown that any juror was influenced thereby, that accused was known to be a Chinese Mason, that it was common knowledge

in the community that Chinese Masons habitually gave defendants
charged with crime a good character, or that the jury did or did
not believe such testimony, a verdict of guilty being consistent with
a finding of previous good character, since under the statute mis-
conduct of the jury requires a new trial only where the court is of
opinion that defendant has not received a fair and impartial trial.

10. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Un-
der Penal Code of 1901, section 988, subdivision 13, authorizing
a new trial in a criminal case when new evidence is discovered
material to the defendant, and which he could not with reasonable
diligence have discovered and produced at the trial, a new trial
would not be granted to permit the introduction of impeaching evi-
dence for which no foundation was laid and which therefore would
have been inadmissible if offered on the trial.

11. CRIMINAL LAW — EVIDENCE — ADMISSIONS — DECLARATIONS OF IN-
JURED PERSON.—The prosecuting witness in a criminal case is not
a party to the cause, and contradictory statements made by him
when not under oath are relevant and material only for the pur-
poses of impeachment, and inadmissible unless he is interrogated
relative thereto.

12. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Un-
der Penal Code of 1901, section 988, subdivision 13, authorizing a
new trial in a criminal case when new evidence is discovered mate-
rial to the defendant and which could not with reasonable diligence
have been discovered and produced at the trial, a new trial will not
be granted for evidence of an impeaching and cumulative character
not of a nature reasonably calculated to change the result.

13. CRIMINAL LAW—APPEAL—RECORD—PRESENTATION OF ERRORS.—The
misconduct of counsel in a criminal case could not be reviewed on
appeal where the only record disclosing such misconduct was con-
tained in the motion for a new trial, which was also designated as
one of the assignments of error, and verified only by appellant's
attorney.

APPEAL from a judgment of the Superior Court of the
County of Yavapai. Frank O. Smith, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant was charged with the crime of robbery al-
leged to have been committed upon one Gin Chung on or
about November 6, 1912. He pleaded not guilty. Upon a
trial on November 15, 1912, the jury returned its verdict of
guilty. In due time the defendant moved for a new trial,
assigning twenty grounds therefor. The first and third num-

bered grounds allege that the court misdirected the jury as to the law; the second, fourth, and fifth that the court erred in the decision of questions of law arising during the course of the trial; the sixth that during the trial the jury received evidence out of court other than that resulting from a view of the premises; the seventh that the verdict returned does not represent a fair expression of the opinions of the jurors; the eighth that the jury, after having retired to deliberate on the case, received other testimony than that given upon the witness-stand, which was prejudicial to the defendant; the ninth that during the trial members of the jury were guilty of misconduct of such character as to deprive defendant of a fair and impartial trial; the tenth, eleventh, and fourteenth that the bailiff in charge of the jury caused the jurors to separate during the trial; the twelfth that during the course of the trial one of the jurors separated himself from the other jurors and from the bailiff in charge of the jury; the thirteenth that the bailiff in charge of the jury was guilty of such misconduct as to deprive the defendant of a fair and impartial trial; the fifteenth that the verdict was contrary to the law; the sixteenth that the verdict was contrary to the evidence; the seventeenth and eighteenth that during the course of the trial the county attorney was guilty of such misconduct as was calculated to and did deprive the defendant of a fair and impartial trial; the nineteenth that new evidence was discovered after the trial material to the defendant and which he could not have discovered with reasonable diligence before the trial; the twentieth that the court appointed a deputy sheriff as bailiff of the jury, and such bailiff was a material witness for the state.

In support of the grounds of misconduct of the jury in separating and receiving evidence out of court, and the misconduct of the county attorney, and the newly discovered evidence, appellant and respondent filed affidavits, which are sufficiently noticed in the opinion. The motion was denied, a new trial refused, and a judgment of conviction rendered, fixing the punishment as the statute requires. From the judgment defendant appeals. Appellant as his assignment of error adopts his entire motion for a new trial without otherwise formally alleging error.

Mr. R. P. Talbot, for Appellant.

Mr. G. P. Bullard, Attorney General, Mr. Leslie C. Hardy, Assistant Attorney General, Mr. P. W. O'Sullivan, County Attorney, and Mr. J. H. Morgan, Assistant County Attorney, for Respondent.

Mr. Robert E. Morrison, of Counsel.

CUNNINGHAM, J.—In criminal cases the law requires this court to review all decisions, opinions, orders, charges, rulings, actions, and proceedings made or had in the cause in the trial court, appearing in the record. Par. 1059 (Pen. Code) Ariz. Rev. Stats. 1901. Counsel for appellant can materially assist the court in the performance of this duty by pointing out in the record the exact error either by means of a formal assignment of error or errors or by affirmatively stating in his brief wherein the alleged error lies in each particular. Appellant on the trial of this appeal has not formally assigned errors, which we think is the logical course to pursue in such cases, but he has in his brief and in his oral argument at the bar pointed out to the court the errors principally relied upon for a reversal, so that his viewpoint as to such alleged errors clearly appears.

The first error noticed by appellant arises upon the testimony of witness Baker, relating to the character of the property found upon the person of the defendant at the time of the arrest. The testimony of this witness tends to corroborate the testimony of the prosecuting witness Gin Chung in the particular of the kind and class of money taken at the time of the robbery and in point of time of its introduction was offered subsequently to that of the said prosecuting witness. The witness Baker was by the court sworn as bailiff and placed in charge of the jury trying the case. It is contended by appellant that it was error for the court to place the jury in the charge of Baker, for the reason he was a witness against this defendant on trial and his testimony shows he was a partial and prejudiced person.

The second error is based upon the conduct of the bailiff in charge of the jury in permitting the jurors to separate

during the course of the trial and before the cause was finally submitted to them.

The third error is that the verdict was contrary to the evidence in the particular of the presence of the defendant at the place of the commission of the crime. It is contended that, from the evidence of defendant, he was at another place at the time when the crime was committed, and it was impossible for him to have been at the scene of the crime, and that such evidence is conclusive upon that fact.

The fourth alleged error is based on the order refusing a new trial because of the misconduct of the jury while deliberating upon their verdict. Juror Reilly stated in the presence of several other members of the jury, while considering certain testimony bearing upon the good character of the defendant, that the witnesses who testified to such good character were members of the Chinese Masons and they would naturally testify to the good character of the defendant. Another juror stated: ''Yes, he knew it to be a fact that these witnesses who testified as aforesaid, to the good character of defendant, were Chinese Masons.'' That no evidence was offered or received upon the trial showing or tending to show that such witnesses belonged to the Chinese Masons.

The fifth alleged error is based upon the order refusing a new trial, because of newly discovered evidence, in the particular shown in the affidavits in the record.

The foregoing alleged errors were discussed in the brief and at the bar and will be considered in the order stated above.

Baker was a deputy sheriff and as such arrested the defendant upon a warrant placed in his hands for service. After the arrest was made, upon the request of the defendant, the officer accompanied him to the place of business of his friend, and while there the defendant left with his friend certain contents of his pockets, consisting of a sum of money, a comb, eyeglass, and a key. The witness was examined as to the character of money the defendant had in his possession, and he described the money as consisting of ''four silver dollars, two halves, and two quarters, . . . and then he had taken out some greenback bills, one had the figure '5' and a 'V' on it, and the other one I couldn't see what the number was on it, but there was two and probably more, but there

was two I am sure of, the one $5 bill, and the other one, he
laid them down also. . . ." They were not in defendant's
purse but were loose in his pocket.

The prosecuting witness had previously testified that at the
time of the robbery he was robbed of four $5 bills and certain
silver money, all aggregating the sum of $53.15. The de-
fendant testified that he deposited with his friend, while in
the custody of the deputy sheriff, $9.90, all in silver. Appel-
lant contends that the testimony given by the witness Baker
as to the character of the money in the possession of the
defendant corresponded minutely with that given by the
prosecuting witness and therefore shows a feeling of deep
prejudice against the defendant. The record fails to show
a minute resemblance between the money described by the
prosecuting witness and that described by the deputy sheriff,
in amounts. To give the amounts mentioned by the deputy
sheriff the greatest possible sum, we have three $5 bills and
$5.50 in silver, $20.50 in all, while four $5 bills and $33.15
silver, $53.15 in all, were testified to have been taken from
the prosecuting witness. The record discloses a wide vari-
ance in the sum taken at the robbery and the sum found in
the possession of defendant. No merit appears in this con-
tention. Did the court err in placing the jury in charge of
a bailiff because such bailiff is a witness for the prosecution
and was the regular officer who arrested the defendant on
the charge and acquired knowledge of all the facts to which
he was called to testify only through making the arrest?
Would these conditions disqualify the witness from acting as
the jury bailiff? We think not. The mere fact that the
deputy sheriff happened to be a witness for the prosecution
would not disqualify him from keeping the jury in his cus-
tody. *State* v. *Shores,* 31 W. Va. 491, 13 Am. St. Rep. 881, 7
S. E. 413; *State* v. *Rosencrans,* 9 N. D. 163, 82 N. W. 422;
12 Cyc. 670, and note 36.

The defendant had notice that Baker would be a witness
for the prosecution, or might have had such notice from the
subpoena filed in the case. He had actual knowledge of that
fact when Baker had been on the witness-stand and had tes-
tified. No claim is made that defendant raised any objection
to the witness taking charge of the jury until after a verdict
was returned. The objection upon the grounds stated in the

motion for a new trial, then, after the verdict was returned, came too late; defendant must be deemed to have waived the objection when the motion was made.

The second grounds for complaint are based upon the misconduct of the bailiff in permitting the jury in his custody to separate during the course of the trial. The affidavits presenting the record upon this question are to the effect that during the course of the trial, and before the cause was submitted to the jury, the bailiff in charge took one Zook, a juror, from the room, where the jurors were being kept together, and separated him from the other jurors for from twenty to thirty minutes; and rebutting affidavits to the effect that Zook had an injured and wounded arm. That on the occasion referred to in the first-mentioned affidavits it became necessary to have the wounds dressed. That the wife of the juror was called to dress the wound and did dress the wound. That to dress the wound it became necessary to have the juror go to another room from that occupied by the jury. That the members of the jury, the judge of the court, and the counsel for both parties had full knowledge of these facts and no objections were raised thereto. That, during the time the juror was so absent and separated from the other jurors, no intimation of the case was made by anyone to the juror nor by him to any person.

It is contended by appellant that, from the mere fact of separation, the court will presume prejudice resulted to the defendant. That, such fact appearing upon the hearing of a motion for a new trial, the order refusing a new trial is reversible error. "The jurors sworn to try an action may, at any time before the submission of the cause to the jury, in the discretion of the court, be permitted to separate or be kept in charge of a proper officer. . . . At the written request of the district attorney or of counsel for defendant, the court shall direct the jury to be kept together in charge of an officer. . . ." Par. 949, Ariz. Pen. Code, 1901.

The record nowhere indicates that any written request made it mandatory upon the court to keep the jury together. Appellant does not so contend, but he bases his contention of error upon the fact that the court ordered the jurors kept together during the progress of the trial; and, that order having been made, it was error for the bailiff to permit them

to separate. In the first instance, no written request having been made, it lay in the sound discretion of the court whether or not the jurors would be kept together during the course of the trial. When the order was made, it became the duty of the bailiff and the jurors to observe it. A failure to observe the order would subject the person so failing to punishment for contempt.

The power to exercise the discretion to keep the jury together or allow the jurors to separate was not exhausted when the court made the order to keep the jurors together, but that authority continued during the course of the trial, until the cause was finally submitted to the jury to deliberate upon their verdict. In the exercise of the sound discretion, the court was acting wholly within its powers when the juror Zook was permitted to be separated from the other jurors. If the separation took place in violation of the order to keep the jurors together, the court's attention was directed to such violation by the motion for a new trial and, upon the hearing of such motion, was informed of the cause of such separation. In either instance this appellant was interested only in so much that his rights were not in the least prejudiced thereby, and he has not shown, nor attempted to show, wherein he has been prejudiced. We will not review an act of the lower court in the exercise of a discretion reposed in that court, except where an abuse of the discretion is made to clearly appear. Such abuse does not appear in this record.

The third error of which appellant contends is that the verdict is contrary to the evidence. It is contended by the appellant that the evidence introduced by him in support of an *alibi* is conclusive of the fact that appellant was not and could not have been present at the time and place of the commission of the robbery. The record discloses that substantial evidence was given before the jury tending to prove that the defendant, with three friends, was engaged in a game of cards at a place distant from the scene of the robbery from about 10 o'clock P. M. to about 2 o'clock A. M., from which room defendant did not leave during that time, and that the robbery occurred in an alley, some distance from the house in which the card game was in progress, between 10 and 11 o'clock that same night. These facts were testified to by the defendant and fully corroborated by the three friends. Upon

the other hand, the person robbed testified that, after he was struck and partially or wholly down on the ground, he recognized the defendant, by his features, bending over him and searching his pockets. Another witness came out of a door near the scene of the robbery shortly after he heard a call in Chinese for help and the word "robbed" in Chinese and recognized the defendant a short distance from where the person robbed lay, and the defendant was going away from such person. The testimony of three or four other witnesses was offered by the prosecution tending to contradict the witnesses for the defense and tending to prove that no game of cards was played at the place mentioned by the defendant and his witnesses, or by any persons, on the night in question. At different hours of that night between 9 P. M. and 2 A. M. the different witnesses visited the particular room, some of them hunting a game of cards, and they found no one at that room that night. The whole matter resolves itself into a case of conflict of evidence. The record presents substantial evidence in support of the fact that the defendant was present at the time and place of the robbery.

In case of a conflict of the evidence upon a material question, such as here is present, it is the province of the jury to find the fact from all the evidence before them; and when they have so found, and the record discloses any substantial evidence in support of the finding of the jury, such finding will not be disturbed because of the conflict. The jury are made by law sole judges of the credibility of the witnesses and of the weight and effect to be given to the testimony to establish any fact in support of which such testimony is offered. The jury have all the witnesses before them and can observe their manner while testifying and therefrom better judge the truth of the statements made than any person who may read the words of the witnesses as found in the record. We are not justified in interfering with the verdict while the record contains substantial evidence in its support.

The misconduct of the jury while deliberating upon a verdict is complained of as a fourth alleged error. The grounds for complaint are presented by affidavits disclosing that, while the jury were deliberating upon their verdict and had under consideration the weight and effect to be given testimony relating to the previous good character of the defend-

ant, Juror Reilly, contending that no effect should be given to such testimony, stated "that the testimony of Sidney Birch and Lenard Topp, and others who testified as witnesses on the part of the defense to the good character of the defendant, were members of the Chinese Masons and would naturally testify to said character on account of being members of and Masons of said lodge." Another juror, hearing this statement of Juror Reilly, said, "Yes, he knew it to be a fact that these witnesses who testified as aforesaid to the good character of defendant were Chinese Masons"; and no evidence of the fact stated appeared in the evidence upon the trial. Defendant contends that the statements made by the juror to the other jurors were equivalent to the jury receiving evidence out of court upon a material issue in the case, for the reason no evidence was offered tending to establish the fact stated by the jurors as within their knowledge.

Paragraph 988, Arizona Penal Code of 1901, specifies the grounds upon which a new trial must be granted a defendant, when he has been convicted of a criminal offense, upon his applying therefor. The tenth ground set forth in that statute is, "(10) Where the jury, after having retired to deliberate upon the case, have received other testimony; . . ." and the eleventh, "When, from any misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial." Appellant has based his argument upon the assumption that the statements made by the jurors amount to the jury having received other testimony; that these statements made by the jurors must necessarily amount to receipt of other testimony. No attempt is made to show that any juror was influenced by the statements. Appellant cites *Ysaguirre* v. *State,* 42 Tex. Cr. 253, 58 S. W. 1005, *Hudson* v. *State,* 9 Yerg. (Tenn.) 408, *Donston* v. *State,* 6 Humph. (Tenn.) 275, *Booby* v. *State,* 4 Yerg. (Tenn.) 111, *Sam* v. *State,* 1 Swan (Tenn.), 61, *State* v. *Tilghman,* 33 N. C. 513, and *Crawford* v. *State,* 2 Yerg. (Tenn.) 60, 24 Am. Dec. 467, in support of the rule that, if a jury after retiring to consider their verdict hear other testimony, it will form a ground for a new trial, and that, the fact appearing, prejudice to the defendant will be presumed, and a new trial will be ordered. We think these authorities support the proposition that prejudice must be shown or sufficient ground

must appear for presuming prejudice to authorize interference with the verdict on account of such matters. *State* v. *Woodson*, 41 Iowa, 425. However that may be, subdivision 11 of paragraph 988, *supra*, is controlling within this jurisdiction upon that question and clearly leaves the matter of the misconduct of the jury to be inquired into and only requires the court to grant a new trial in cases of this kind when of opinion the defendant has not received a fair and impartial trial.

The affidavits in the cause at bar simply state the fact that the witnesses who testified to the good character of the defendant were Chinese Masons, and in the opinion of one of the affiants they would naturally give the defendant a good character. The affidavits do not attempt to show that the defendant was known to be a Chinese Mason, nor that it is common knowledge in the community that all Chinese Masons habitually give defendants charged with a crime a good character. No attempt is made to show that the jury did or did not believe the good character of the defendant was established by the evidence of such witnesses. No proof was offered tending to establish such fact, and the court could not judge from the verdict of the jury as rendered, being that of guilty, any more than it could judge had it been not guilty, as to what conclusion the jury may have arrived at upon the question of good character of the defendant. The verdict of guilty is as consistent with a finding of previous good character as a verdict of not guilty. The appellant failed to show to the trial court that he had been in the least prejudiced by the alleged statements of the jurors, and therefore no error appears in the order refusing a new trial. *Austin* v. *State*, 42 Tex. 355; *State* v. *Olds*, 106 Iowa, 110, 76 N. W. 644; *State* v. *Woodson*, 41 Iowa, 425; *State* v. *Burton*, 65 Kan. 704, 70 Pac. 640; *State* v. *Beam*, 1 Kan. App. 688, 42 Pac. 394; *Irvine* v. *State*, 104 Tenn. 132, 56 S. W. 845; *Ray* v. *State*, 35 Tex. Cr. 354, 33 S. W. 869; *Hargrove* v. *State*, 33 Tex. Cr. 431, 26 S. W. 993; *State* v. *Lowe*, 67 Kan. 183, 72 Pac. 524; *State* v. *Duncan*, 70 Kan. 883, 78 Pac. 427; *Moore* v. *People*, 26 Colo. 213, 57 Pac. 857; *Taylor* v. *State*, 52 Miss. 84; *State* v. *Sprague*, 149 Mo. 425, 50 S. W. 1117; *Arnwine* v. *State*, 54 Tex. Cr. 213, 114 S. W. 796.

The next contention to be noticed is the claim that defendant's motion for a new trial ought to have been granted because of the new evidence discovered. One of the grounds for a new trial provided by paragraph 988, Arizona Penal Code of 1901, subdivision 13, is: "When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial," a new trial must be granted. The appellant in support of this ground of his motion produced the affidavits of Robert Birch and L. R. Duff to the effect that a few days before the date of the alleged robbery these witnesses saw the prosecuting witness, Gin Chung, who then seemed lame in his back, and when asked what was the matter with him replied that he fell down a cellar and injured his back so that he had not been able to work for several days. The affidavits allege that defendant did not know of the existence of this fact until after the trial was completed. The affidavits of Charles K. Scholey, C. D. Boyce, and M. N. Andrews were produced to the effect that, on the day of and after conviction of the defendant, the prosecuting witness, Gin Chung, in reply to a question by the attorney for the defendant as to who hit and robbed said witness, replied that he did not know who hit and robbed him.

The evidence in the case, upon the facts attacked by these affidavits, is to the effect that the prosecuting witness, Gin Chung, received an injury to his back at the time of the robbery, and also that he knew the defendant robbed him and he was hit immediately before he was robbed. The newly discovered evidence could have no other effect than to contradict the testimony of the prosecuting witness in these particulars. The fact that the prosecuting witness had stated, two or three days before the robbery, that he had fallen into a cellar and injured his back cannot be claimed as newly discovered evidence by the defendant, if it can be considered evidence at all. Defendant offered that evidence by his witness Holt, who testified directly that Gin Chung had so stated, and the evidence was admitted over the objection of the prosecution. The defendant must be presumed to have received the benefit of the evidence thus conflicting with that of the prosecution upon that point. We know of no rule that justifies a new trial upon the discovery of addi-

tional witnesses to facts presented at the trial. The evidence, as the record stands, is at most clearly cumulative upon this point. Its purpose was to contradict and impeach the testimony of Gin Chung. This witness had testified to a contradictory state of facts, it is true, but he was not interrogated concerning any statements made by him out of court conflicting with his evidence given in court, and therefore, not being a party to the cause, his statements made out of court are strictly hearsay and inadmissible. Contradictory statements made by a witness when not under oath become relevant and material only for the purposes of impeachment, unless the witness is a party and the statements are against interest. We know of no exception to the rule that would otherwise make them relevant. Unless the evidence is material, it furnishes no grounds for a new trial, under the statute. Par. 988, subd. 13, Ariz. Pen. Code, 1901.

The contradictory statement claimed to have been made by the prosecuting witness was permitted to be shown by one of defendant's witnesses, when it ought to have been excluded; but because the court erroneously admitted the evidence in one instance is no excuse for the court to vacate the verdict and annul the trial in order that the former error may be repeated, or that defendant may lay a sufficient predicate for its proper introduction. The same is applicable to the statements made by the prosecuting witness after the trial in answer to the question who hit and robbed him, when he answered that he did not know. Such a statement was contradictory of his evidence given at the trial and could not have been introduced at the trial for the same reason his other statements as to how his back became injured, and for the further reason at the time of the trial he had not made this last contradictory statement, and no predicate could be laid so as to make it relevant at all.

Beside these reasons, if we concede the alleged newly discovered witnesses and facts were admissible as evidence as contended by appellant, such facts as evidence are of an impeaching and cumulative character and not of a nature reasonably calculated to change the result of the trial. The rule is well settled that a new trial will not be granted for such newly discovered evidence. *Armstrong* v. *Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233.

The appellant complains of the misconduct of the county attorney in his presentation of the cause to the jury in argument. The only record we have before us disclosing any such misconduct is the statement contained in the eighteenth paragraph of the motion for a new trial, and which is also designated as one of the assignments of error. This document was verified by appellant's attorney. The record is not otherwise preserved nor authenticated. The requirements of the law have not been observed so as to make the statement complained of a part of the record justifying our consideration of the question, and for that reason we presume the error, if any, has been waived by appellant; he not having preserved such record as we may examine.

A full, careful examination of the entire record before us has failed to disclose any reversible error, and the judgment appealed from is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.